# Matter of J-S-S-, Respondent

*Decided November 2, 2015*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) Neither party bears a formal burden of proof in immigration proceedings to establish whether or not the respondent is mentally competent, but where indicia of incompetency are identified, the Immigration Judge should determine if a preponderance of the evidence establishes that the respondent is competent.

(2) An Immigration Judge's finding of competency is a finding of fact that the Board of Immigration Appeals reviews to determine if it is clearly erroneous.

FOR RESPONDENT: Christopher Strawn, Esquire, Seattle, Washington

FOR THE DEPARTMENT OF HOMELAND SECURITY: James T. Dehn, Associate Legal Advisor

BEFORE: Board Panel: NEAL, Chairman; GREER, Board Member; and O'HERRON, Temporary Board Member.

GREER, Board Member:

In a decision dated September 20, 2013, the Immigration Judge found the respondent removable on his own admissions and determined that he is ineligible for the relief from removal that he requested. The respondent has appealed from that decision. The appeal will be sustained in part and dismissed in part, and the record will be remanded to the Immigration Judge for further proceedings.

On appeal, the respondent argues that the Immigration Judge improperly evaluated his mental competency by misallocating the burden of proof and that she erred in denying his applications for relief. Both the respondent and the Department of Homeland Security ("DHS") have stated their positions on the proper allocation of the burden of proof and the applicable standard of proof when an alien's competency is at issue.[1] In this decision, we will set forth a framework for allocation of the burden of proof for mental competency issues raised in immigration proceedings.

---

[1]   We also acknowledge the brief submitted by amicus curiae.

## I.  FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Haiti who was admitted to the United States as a lawful permanent resident on June 12, 1997.  On October 25, 2012, he was convicted of two controlled substance offenses.  The DHS served the respondent with a notice to appear on March 1, 2013, charging that he is removable under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2012), as an alien who was convicted of an aggravated felony drug trafficking crime under section 101(a)(43)(B) of the Act, 8 U.S.C. § 1101(a)(43)(B) (2012).

In removal proceedings, the respondent admitted the factual allegations and conceded the charge of removability through counsel.  He also filed an application for withholding of removal under section 241(b)(3)(A) of the Act, 8 U.S.C. § 1231(b)(3)(A) (2012), and for protection under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted and opened for signature* Dec. 10, 1984, G.A. Res. 39/46, 39 U.N. GAOR Supp. No. 51, at 197, U.N. Doc. A/RES/39/708 (1984) (entered into force June 26, 1987; for the United States Apr. 18, 1988) ("Convention Against Torture").

The respondent filed a prehearing brief explaining his mental illness and treatment.  He has a long history of mental illness, starting in childhood, when he began experiencing auditory and visual hallucinations.  Prior to his removal proceedings, the respondent was in criminal proceedings in the State of Washington, during which the judge referred the respondent for three separate forensic evaluations to determine his capacity to understand the criminal charges and his ability to assist in his defense.  The respondent also provided his mental health records from a health center where he sought mental health treatment and from a detention center where he was detained for a period of time during his removal proceedings.  In addition, the respondent presented the testimony of the attorney who had represented him in the State criminal proceedings.

The DHS filed a notice advising the Immigration Court that the respondent's mental health diagnosis rendered him a possible member of the class certified in *Franco-Gonzalez v. Holder*, No. CV 10-02211-DMG (DTBx), 2013 WL 8115423 (C.D. Cal. Apr. 23, 2013).[2]  In light of the indicia of incompetency, the Immigration Judge made an individualized assessment and determined that the respondent was competent to proceed.  In her September 20, 2013, decision, the Immigration Judge considered the documentary evidence regarding the respondent's mental health and noted that he had not provided updated mental health records after April 4, 2013.

---

[2]   The DHS subsequently clarified at an August 5, 2013, hearing that the respondent is not a member of the certified class because he is represented.

The Immigration Judge also evaluated the respondent's testimony at his hearings and his ability to communicate with his attorney and assist in the development of his case.

## II.  ISSUES

The issues before us involve the proper allocation of the burden of proof and the applicable standard of proof in cases where Immigration Judges make mental competency determinations.

## III.  ANALYSIS

### A.  Mental Competency in Immigration Proceedings

Although aliens in immigration proceedings are presumed to be competent, when indicia of incompetency are present, an Immigration Judge must make a competency determination.  *Matter of M-A-M-*, 25 I&N Dec. 474, 477, 480−81 (BIA 2011).  An alien is competent for purposes of immigration proceedings if he or she has a rational and factual understanding of the nature and object of the removal proceedings, can consult with an attorney or representative if there is one, and has a reasonable opportunity to examine and present evidence and cross-examine witnesses.  *Id.* at 479.  Unlike criminal proceedings, removal proceedings can continue despite a respondent's lack of competency, so long as safeguards are in place to ensure that the respondent's rights and privileges under the Act are protected.  *See* sections 240(b)(3), (4) of the Act, 8 U.S.C. §§ 1229a(b)(3), (4) (2012); *Matter of M-A-M-*, 25 I&N Dec. at 479; *see also Brue v. Gonzales*, 464 F.3d 1227, 1233 (10th Cir. 2006).

The respondent contends that he should bear the initial burden to raise a competency issue, with the qualification that both the Immigration Judge and the DHS have a duty to develop the record if either becomes aware of indicia of incompetency.  He further asserts that once indicia of an alien's incompetency are identified, the burden shifts to the DHS to show, by a preponderance of the evidence, that the alien is competent to proceed or that safeguards can be put in place to protect his or her due process rights.

In contrast, the DHS proposes we adopt a rule that when an Immigration Judge identifies indicia of incompetency, neither party bears a formal burden of proof to establish the respondent's mental competency or incompetency.  Rather, at that point, the Immigration Judge should conduct an inquiry to determine if a preponderance of the evidence establishes that the respondent is mentally competent.

## B. Burden of Proof

Considering first the appropriate allocation of the burden of proof, we find the DHS's proposed rule to be more compatible with the structure of the Act and the framework we established for assessing competency in *Matter of M-A-M-*. The statutory structure and the governing regulations do not place a burden to raise the issue of competency on the respondent in removal proceedings. For example, according to the competency regulations, where indicia of incompetency are apparent, the Government determines the appropriate person or entity to be served with the notice to appear. *See* 8 C.F.R. § 103.8(c)(2) (2015); *see also Matter of E-S-I-*, 26 I&N Dec. 136 (BIA 2013). In addition, under section 240(b)(3) of the Act, the Immigration Judge is charged with prescribing safeguards when they are found to be appropriate, rather than requiring either party to demonstrate a need.

Consistent with the Act and the regulations, we have made clear that indicia of incompetency may derive from evidence submitted during the proceedings or through observations of the Immigration Judge. *Matter of M-A-M-*, 25 I&N Dec. at 479−80. We have also clarified that the DHS is obligated to provide the Immigration Judge with materials relevant to the respondent's mental competency that are in its possession. *Id.* at 480. This collaborative approach enables both parties to work with the Immigration Judge to fully develop the record regarding a respondent's competency.

We find additional support for this approach in mental competency jurisprudence of the United States Court of Appeals for Ninth Circuit, in whose jurisdiction this case arises. In the context of Federal habeas corpus proceedings, the court addressed the proper allocation of the burden of proof when the mental competency of a petitioner is questioned. *Mason ex rel. Marson v. Vasquez*, 5 F.3d 1220 (9th Cir. 1993). As the court stated,

> Initially sufficient evidence must be presented to cause the court to conduct an inquiry. After that point it is no one's burden to sustain, rather it is for the court to determine by a preponderance of the evidence whether the petitioner is mentally competent . . . .

*Id.* at 1225 (following the procedure employed in *Rees v. Peyton*, 384 U.S. 312, 313−14 (1966)). The court specifically declined to follow the allocation of the burden of proof in criminal cases. *Id.* at 1225−26; *see also Blair v. Martel*, 645 F.3d 1151, 1154−56 (9th Cir. 2011).

The respondent contends that immigration proceedings are more akin to Federal criminal trials, and he cites a Ninth Circuit case to support his contention that once initial indicia of incompetency are presented, the DHS should bear the burden of proving that the respondent is competent.

*United States v. Hoskie*, 950 F.2d 1388, 1392 (9th Cir. 1991). We disagree. Immigration proceedings are civil in nature, and substantive due process concerns do not preclude removal of an alien who lacks competency when appropriate safeguards have been applied. *Brue v. Gonzales*, 464 F.3d at 1233; *see also Nee Hao Wong v. INS*, 550 F.2d 521, 523 (9th Cir. 1977) ("Deportation . . . is not a criminal proceeding, and the full trappings of procedural protections that are accorded criminal defendants are not necessarily constitutionally required for deportation proceedings."). Moreover, while most jurisdictions require a defendant to either prove incompetency to stand trial or require the State to prove a defendant's competency, there are exceptions where the burden of proof is not specifically allocated. *See, e.g., Hensley v. State*, 575 N.E.2d 1053, 1055−56 (Ind. Ct. App. 1991) (holding that the Indiana competency statute did not violate due process by failing to specifically allocate the burden of proving competency).

To safeguard a respondent's rights and privileges in determining competency issues in immigration proceedings, we find it appropriate to apply the allocation of the burden of proof employed in Federal habeas proceedings, which are also civil in nature. Sections 240(b)(3), (4) of the Act; *Matter of M-A-M-*, 25 I&N Dec. at 478−79. Consequently, we conclude that neither party bears a formal burden of proof in immigration proceedings to establish whether or not the respondent is mentally competent, but where indicia of incompetency are identified, the Immigration Judge should determine if a preponderance of the evidence establishes that the respondent is competent. *Mason ex rel. Marson v. Vasquez*, 5 F.3d at 1225.

## C. Standard of Proof

The parties agree that the preponderance of the evidence standard applies in this context. This standard had been widely accepted nationally and was specifically endorsed by the Supreme Court for competency issues in criminal proceedings because of the significant interests at stake. *See Cooper v. Oklahoma*, 517 U.S. 348, 355−62 (1996) (rejecting a clear and convincing standard of proof in favor of a preponderance of the evidence standard for competency to stand trial); *see also* 18 U.S.C. § 4241(d) (2012) (specifying that a preponderance of the evidence is the standard for determining a defendant's mental competency to stand trial in Federal court). In our view, allowing the Immigration Judge to make an independent competency determination based on the preponderance of the

evidence assists in bringing competency issues to the fore and identifying appropriate safeguards to allow the case to proceed.[3]

### D. Review of Competency Determinations

A finding of competency is a finding of fact that the Board reviews to determine if it is clearly erroneous. *See Thompson v. Keohane*, 516 U.S. 99, 111 (1995); *Maggio v. Fulford*, 462 U.S. 111, 117 (1983) (describing a finding of competence as a "factual conclusion"); *see also Massie ex rel. Kroll v. Woodford*, 244 F.3d 1192, 1194 (9th Cir. 2001) (stating that a district court's finding that a habeas petitioner is competent is a factual determination, which is subject to clear error review); 8 C.F.R. § 1003.1(d)(3)(i) (2015) (providing that the Board reviews findings of fact to determine if they are clearly erroneous).

We find that the Immigration Judge's competency determination is not clearly erroneous. In particular, upon identifying indicia of incompetence, the Immigration Judge made a detailed competency determination that comports with our decision in *Matter of M-A-M-*. She addressed all the evidence of record, including that put forth by the respondent and the DHS. In addition, she noted the respondent's responses to her inquiries and her own observations of his participation at the hearing. While recognizing that the record did not contain updated psychological evaluations after April 2013, the Immigration Judge considered the relevant evidence that was available, which was substantial. In effect, the Immigration Judge followed the framework that we have set forth here.

### E. Respondent's Claim

The Immigration Judge denied the respondent's application for withholding of removal under section 241(b)(3)(B)(ii) of the Act and 8 C.F.R. § 1208.16(d)(2) (2013), finding that he was convicted of a particularly serious crime. The respondent argues on appeal that the Immigration Judge erred in making her determination.[4] We agree. The respondent was convicted of two separate controlled substance offenses based on arrests in April and July of 2011. The Immigration Judge

---

[3]    In addition to determining competency, the Immigration Judge determines the appropriate safeguards to allow a case to proceed. The parties may propose alternative safeguards for the Immigration Judge's consideration and advocate for or against particular safeguards.

[4]    The respondent does not dispute that he is ineligible for asylum because he has been convicted of an aggravated felony. *See* Section 208(b)(2)(B)(i) of the Act, 8 U.S.C. § 1158(b)(2)(B)(i) (2012) .

considered only whether the first offense constituted a particularly serious crime. However, she relied on the facts underlying the second offense in conducting her analysis.

The Immigration Judge alternatively concluded that the respondent did not otherwise establish statutory eligibility for withholding of removal. In particular, the Immigration Judge rejected the respondent's claims of imputed political opinion and membership in a particular social group. We find no clear error in the Immigration Judge's findings that the respondent's unreliable testimony did not establish political opinion as a motive and that his explanation for why he was harmed was contradicted by the testimony of his mother and brother.

However, the respondent asserts that the Immigration Judge's analysis of his particular social group claim was incomplete because she did not include his past harm in assessing whether he experienced harm rising to the level of persecution in the past or whether his life or freedom would be threatened in the future. She also did not consider the relevance of the past harm to his claim under the Convention Against Torture. We agree and will remand the record for further consideration of these issues.

## IV. CONCLUSION

The Immigration Judge appropriately questioned the respondent's competency after he presented indicia of incompetency, namely medical records reflecting his prior evaluation and treatment for mental health issues, and the DHS notified the court of the respondent's mental health issues. We find no clear error in the Immigration Judge's competency determination at the time of the last hearing. However, mental competency is not a static condition. *Matter of M-A-M-*, 25 I&N Dec. at 480. Therefore, consistent with the framework articulated here, the Immigration Judge should reevaluate the respondent's competency on remand.

In addition, the Immigration Judge should revisit her analyses regarding the particularly serious nature of the respondent's crime, his particular social group claim, and his claims under the Convention Against Torture. She should then enter a new decision. On remand, the parties will have an opportunity to submit additional evidence regarding the respondent's mental competency and his applications for relief. Given our disposition, we decline to reach the other arguments presented, but the Immigration Judge may address any issue she finds appropriate on remand.

**ORDER:** The appeal is sustained in part and dismissed in part.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.