**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 27 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS BERMUDEZ GUZMAN, AKA Jose Luis Bermudez, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 18-72783 <br><br> Agency No. A092-807-306 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 16, 2020**
Pasadena, California

Before: SCHROEDER and COLLINS, Circuit Judges, and BAYLSON,*** District
Judge.

Jose Luis Bermudez Guzman ("Bermudez") petitions for review of the order

of the Board of Immigration Appeals ("BIA") affirming the decision of the

immigration judge ("IJ") denying his applications for adjustment of status, asylum,

withholding of removal, and protection under the Convention Against Torture

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without
oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

*** The Honorable Michael M. Baylson, United States District Judge for the
Eastern District of Pennsylvania, sitting by designation.

("Torture Convention").  We have jurisdiction pursuant to § 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252.  We deny the petition.

1.  We review for abuse of discretion the BIA's decision to affirm the IJ's handling of the issues concerning Bermudez's competence.  *Calderon-Rodriguez v. Sessions*, 878 F.3d 1179, 1182 (9th Cir. 2018).  We find no abuse of discretion.

At Bermudez's first merits hearing in January 2017, at which time Bermudez was not in custody, the IJ noted that Bermudez sought asylum based on membership in a proposed social group consisting of "bipolar schizophrenic[s]."  The IJ asked Bermudez's counsel whether there was "an issue here" with respect to Bermudez's ability to assist counsel in preparing his case, and counsel said no.  The IJ then asked whether counsel was "satisfied that he's competent and understanding you and you're understanding him," and counsel replied, "Yes."  Bermudez then gave dozens of pages of coherent and responsive testimony, including testimony discussing his history of mental health issues.  In light of Bermudez's extensive and coherent testimony and his counsel's contemporaneous affirmation that there was no difficulty in working with Bermudez to prepare his case, the BIA did not abuse its discretion in concluding that there were not sufficient "indicia of incompetence" to warrant a further inquiry by the IJ.  *Calderon-Rodriguez*, 878 F.3d at 1182.

After Bermudez was later detained by the Department of Homeland Security

2

("DHS"), venue was transferred to the Adelanto Immigration Court. Over the ensuing months, the IJ undertook several formal competency inquiries, applying the standards set forth in *Matter of M-A-M-*, 25 I. & N. Dec. 474 (BIA 2011). In December 2017, the IJ found for the first time that Bermudez was not competent. Bermudez argues that, in assessing Bermudez's competency, the IJ failed to use the preponderance of the evidence standard set forth in *Matter of J-S-S-*, 26 I. & N. Dec. 679 (BIA 2016), but we perceive no basis for concluding that the IJ did not apply the proper standard of proof. Bermudez also contends that DHS failed to meet its obligation to provide the court with up-to-date medical information bearing on his competency while he was detained. Even granting that some of these records should have been produced earlier, there was no prejudicial due process violation that would warrant setting aside the agency's removal order. Shortly after the December 2017 incompetency determination, which Bermudez does not challenge, up-to-date records were produced by DHS. Bermudez does not explain how the assertedly late-produced records would have led to an earlier finding of incompetence, nor does he otherwise show any abuse of discretion.

The BIA also did not abuse its discretion in concluding that the IJ properly proceeded with a second merits hearing in January 2018 using appropriate safeguards in light of Bermudez's incompetence, and that the IJ properly relied on the testimony Bermudez had given in January 2017. Bermudez does not challenge

3

the particular safeguards employed by the IJ, but instead wrongly asserts that "no safeguard was sufficient" to ensure a fair hearing. *See Nee Hao Wong v. I.N.S.*, 550 F.2d 521, 523 (9th Cir. 1977) ("The Immigration and Naturalization Act contemplates that deportation proceedings may be had against mental incompetents.").

2. Based on Bermudez's 2012 California conviction for assault likely to produce great bodily injury under California Penal Code § 245(a)(4), the Notice to Appear charged Bermudez as removable as an alien convicted of an "aggravated felony," 8 U.S.C. § 1227(a)(2)(A)(iii), a term that includes "crime[s] of violence," *id*. § 1101(a)(43)(F). Bermudez wrongly argues that DHS failed to provide sufficient proof of his conviction. DHS submitted a certified copy of an "electronic docket" from the state court showing that Bermudez pleaded *nolo contendere* to the § 245(a)(4) charge, and the INA expressly allows proof of a conviction by means of a docket entry. *See* 8 U.S.C. § 1229a(c)(3)(B)(iii).

3. We need not reach Bermudez's arguments related to asylum. An alien convicted of a "particularly serious crime" is categorically ineligible for asylum relief. 8 U.S.C. § 1158(b)(2)(A)(ii). For purposes of asylum, a "particularly serious crime" includes an "aggravated felony," *id*. § 1158(b)(2)(B)(i), and (as noted earlier) the INA's definition of "aggravated felony" includes "crime[s] of violence," *id*. § 1101(a)(43)(F). We have held that a conviction under the prior

4

version of California Penal Code § 245(a)(1)—which included both the crime now located at § 245(a)(4) (assaults likely to produce great bodily injury) and the crime of assault with a deadly weapon (which remains in the current version of § 245(a)(1)—is a crime of violence for immigration purposes. *See United States v. Vasquez-Gonzalez*, 901 F.3d 1060, 1068 (9th Cir. 2018). As the BIA found, Bermudez is therefore ineligible for asylum.

4. The INA uses a narrower definition of a "particularly serious crime" for purposes of withholding of removal, *see* 8 U.S.C. § 1231(b)(3)(B)(ii), but the agency correctly concluded that Bermudez's § 245(a)(4) conviction satisfied that definition as well.

Because Bermudez was convicted of an aggravated felony but sentenced to less than five years, his conviction is not categorically a "particularly serious crime" for purposes of withholding of removal. 8 U.S.C. § 1231(b)(3)(B). Thus, Bermudez's conviction had to be assessed on a case-by-case basis. *Blandino-Medina v. Holder*, 712 F.3d 1338, 1345 (9th Cir. 2013). We reject Bermudez's contention that, in conducting that case-specific assessment, the agency committed legal error by assertedly failing to consider his "mental condition at the time he . . . committed the crime of conviction." *Gomez-Sanchez v. Sessions*, 892 F.3d 985, 996 (9th Cir. 2018). Although the IJ did not explicitly use the term "mental illness," the IJ took account of Bermudez's mental condition by noting that, at the

5

time of the offense, Bermudez was "heavily self-medicating," was impaired by his "heavily abusing drugs and alcohol," and as a result suffered "memory impairment" that rendered him "unable to recall many details about his conviction." By noting that Bermudez was "self-medicating," the IJ was clearly referring to Bermudez's testimony at the hearing that he had been "self-medicating" for his mental condition for many years before receiving treatment. On this record, we find no legal error in the BIA's conclusion that the IJ adequately considered Bermudez's substantial impairments at the time of the offense in assessing the seriousness of that offense. In the absence of any such legal error, we lack jurisdiction to consider the BIA's ultimate discretionary determination that Bermudez's conviction was for a "particularly serious crime." *Anaya-Ortiz v. Holder*, 594 F.3d 673, 676 (9th Cir. 2010).

5. Substantial evidence supports the BIA's conclusion that Bermudez failed to show that he is entitled to protection under the Torture Convention. Bermudez's uncle's decades-old recollection that he witnessed private individuals mistreat mentally ill persons does not compel the conclusion that Bermudez would likely be subjected to torture upon removal or that Salvadoran officials would acquiesce in such mistreatment. 8 C.F.R. § 208.18(a)(1). Likewise, the record does not compel the conclusion that the lack of adequate resources for the mentally ill in El Salvador amounts to torture. *See Villegas v. Mukasey*, 523 F.3d 984, 989 (9th Cir.

6

2008) (fact that "Mexican mental patients are housed in terrible squalor" is not "torture" because "nothing indicates that Mexican officials (or private actors to whom officials have acquiesced) created these conditions for the specific purpose of inflicting suffering").

6. Finally, the BIA correctly concluded that Bermudez is ineligible for adjustment of status under § 240A(b) of the INA. *See* 8 U.S.C. § 1229b(b). Under our decision in *Safaryan v. Barr*, 975 F.3d 976, 2020 WL 5553321 (9th Cir. 2020), Bermudez's conviction under California Penal Code § 245(a)(4) was for a crime involving moral turpitude, *see id*. at *6 n.3, and he is therefore ineligible for adjustment of status absent "a waiver of inadmissibility under § 212(h) of the INA, 8 U.S.C. § 1182(h)," *see id*. at *10. To the extent that Bermudez contests whether he had the mens rea to commit a violation of § 245(a)(4), this contention is not cognizable in this immigration case. *See Ortega de Robles v. I.N.S.*, 58 F.3d 1355, 1358 (9th Cir. 1995) ("Criminal convictions cannot be collaterally attacked in deportation proceedings."). To the extent that Bermudez challenges the agency's denial of a waiver under § 212(h), our review is limited. Unless Bermudez "raises a cognizable legal or constitutional question concerning that determination," we lack jurisdiction to review (1) the agency's conclusion that Bermudez's crime was "a violent crime that, under 8 C.F.R. § 1212.7(d), required him to carry a heavier burden to obtain a waiver," and (2) "the agency's weighing of the circumstances in

7

determining that the heightened standard was not met." *Safaryan*, 2020 WL 5553321, at *10 (citation omitted). Bermudez's appellate brief fails to raise any meritorious legal or constitutional question concerning these discretionary determinations.

The petition for review is DENIED.