18-1083-ag
K.O. v. Garland

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of May, two thousand twenty-one.

PRESENT:   RAYMOND J. LOHIER, JR.,
                       JOSEPH F. BIANCO,
                              *Circuit Judges*,
                       RONNIE ABRAMS,
                              *Judge.*\*

------------------------------------------------------------------

K.O.,

            *Petitioner*,

         v.                                                              18-1083-ag

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,

            *Respondent.*\*\*

------------------------------------------------------------------

---

\* Judge Ronnie Abrams, of the United States District Court for the Southern District of New York, sitting by designation.

\*\* The Clerk of Court is directed to amend the caption as set forth above.

FOR PETITIONER: BEATRICE C. FRANKLIN (Arun Subramanian, *on the brief*), Susman Godfrey LLP, New York, NY

FOR RESPONDENT: VIRGINIA L. GORDON, Trial Attorney (Margot L. Carter, Senior Litigation Counsel, *on the brief*), *for* Brian M. Boynton, Acting Assistant Attorney General, Civil Division, Office of Immigration Litigation, United States Department of Justice, Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals (BIA) decision, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner K.O., a citizen of Nigeria, seeks review of an April 6, 2018 decision of the BIA affirming an October 20, 2017 decision of an Immigration Judge (IJ), which denied K.O.'s application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). In re K.O., No. A 209 449 517 (B.I.A. Apr. 6, 2018), aff'g No. A 209 449 517 (Immig. Ct. Batavia Oct. 20, 2017). We assume the parties' familiarity with the underlying facts and procedural history, to which we refer only as necessary to explain our decision to grant K.O.'s petition.

We review the IJ's decision as modified by the BIA. See Xue Hong Yang v. U.S. Dep't of Justice, 426 F.3d 520, 522 (2d Cir. 2005). The standards of review are well established. See 8 U.S.C. § 1252(b)(4); Yanqin Weng v. Holder, 562 F.3d 510, 513 (2d Cir. 2009). K.O. principally asks us to review issues relating to his competency during his hearing before the IJ, the timeliness of his asylum application, and the IJ's adverse credibility and corroboration determinations.

1. Competency and Timeliness

"Although [non-citizens] in immigration proceedings are presumed to be competent, when indicia of incompetency are present, an Immigration Judge must make a competency determination." Matter of J-S-S-, 26 I. & N. Dec. 679, 681 (B.I.A. 2015). Indicia of incompetency can include "the inability to understand and respond to questions, the inability to stay on topic, or a high level of distraction," as well as "evidence of mental illness." Matter of M-A-M-, 25 I. & N. Dec. 474, 479 (B.I.A. 2011). When any of these indicia are present, the IJ must "assess" the non-citizen's "competency, make a finding regarding his competency, apply safeguards as warranted, and articulate her reasoning." Id. at 484.

The record evidence in this case shows that K.O. had been diagnosed with post-traumatic stress disorder (PTSD), anxiety, and depression, and was prescribed medication for PTSD while in immigration custody. Certified Administrative Record (CAR) 521–25; App'x 169. K.O. urged that the IJ consider his history of mental illness before deciding the issue of removability. The IJ responded by asking K.O. several questions regarding his ability to understand the nature of the proceedings, his right to present evidence, and his right to counsel. CAR 479–82. As the Government does not dispute, under these circumstances, the BIA's own precedent, Matter of M-A-M-, compelled the IJ to make a finding about K.O.'s competency. See Oral Arg. at 15:50–15:57, 20:23–20:42. But the IJ failed to do so.

The IJ's lack of any competency finding was compounded by her failure to properly understand, and make a sufficient inquiry regarding, the scope of K.O.'s history of mental illness. For example, the IJ stated at the hearing that she did not see in the record any diagnosis in the United States of K.O.'s PTSD, even though (as the Government concedes) medical records from Immigration and Customs Enforcement (ICE) explicitly reflect an "[a]ssessment[]" of

4

"[p]osttraumatic stress disorder, chronic" and indicate that K.O. was taking medication for PTSD. App'x 149. Perhaps due to this misapprehension regarding the available documentation of K.O.'s mental illness, the IJ made no inquiry about the nature and scope of that illness (or the prescribed medication) other than to generally ask, "Sir, with respect to your psychological issues, have you understood everything today?" to which K.O. responded, "Yes, ma'am." CAR 479. That general question, at the conclusion of the hearing, does not comply with the inquiry necessary under the BIA's own precedent to adequately explore the competency issue in this type of circumstance in order to make an informed competency determination. Matter of M-A-M-, 25 I. & N. Dec. at 483–84. Nor is the inquiry a substitute for making a finding about competency.

We therefore remand to the agency for a new hearing consistent with Matter of M-A-M-. We decline to address the issue of whether the asylum claim was untimely. On remand, however, K.O. may raise the issue of his PTSD diagnosis and the effect of that diagnosis on his ability to timely file his application before the IJ.

2. Credibility and Corroboration

We next review the agency's credibility and corroboration determinations for substantial evidence. See 8 U.S.C. § 1252(b)(4)(B); Hong Fei Gao v. Sessions, 891 F.3d 67, 76 (2d Cir. 2018) (credibility); Chuilu Liu v. Holder, 575 F.3d 193, 196 (2d Cir. 2009) (corroboration). In finding K.O. not credible, the IJ made several errors.

First, there is nothing in the record to support the IJ's finding that K.O. used his cousin's name at the consulate in Nigeria. Instead, as the Government does not dispute, the relevant document on which the IJ relied indicates that K.O. applied for a visa in Nigeria using his own identity. Appellee's Br. 45; CAR 493–94. Second, in assessing K.O.'s credibility based on his past interactions with police officers, the IJ failed to consider K.O.'s allegations of past harm and mental illness. See Ming Shi Xue v. BIA, 439 F.3d 111, 123–25 (2d Cir. 2006). Third, the IJ failed to consider whether the summary of K.O.'s interview with the ICE officer was reliable in light of K.O.'s expressed fear of correctional officials based on his experience with Nigerian military officials. See Ming Zhang v. Holder, 585 F.3d 715, 723–25 (2d Cir. 2009).

6

The Government argues that an IJ may consider ancillary issues, such as the implausibility that correctional officers would falsely accuse K.O. of assault after he refused a strip search. Appellee's Br. 42, 46. That may be so, but that finding alone is not substantial evidence for the adverse credibility determination. See Xiu Xia Lin v. Mukasey, 534 F.3d 162, 164, 167 (2d Cir. 2008) (requiring agency to consider "totality of the circumstances"). Absent the initial findings that called into question K.O.'s credibility, the absence of corroboration cannot be a basis for the adverse credibility determination. See Chuilu Liu, 575 F.3d at 198 n.5 ("[A] failure to corroborate cannot, without more, support an adverse credibility determination.").

The agency also erred in ignoring a supplemental affidavit from K.O.'s mother, which described K.O.'s PTSD and the conduct of the Nigerian military officers who questioned her about K.O.'s whereabouts in September 2016. See App'x 2–3, 178. The Government does not dispute that the BIA ignored the affidavit but instead contends that "remand is not warranted because it would be futile." Appellee's Br. 52. We disagree. As the Government concedes, remand is warranted when there is a likelihood that the agency might have reached a

7

different result.  Id. at 53; see also Gurung v. Barr, 929 F.3d 56, 62 (2d Cir. 2019).

The BIA acknowledged that K.O. submitted another supplemental affidavit from an uncle in the United States, but concluded that "[r]emand is not warranted for consideration of this evidence, as the respondent's uncle does not claim to have first-hand knowledge of the respondent's experiences in Nigeria and the evidence . . . is unlikely to change the result in this case."  App'x 2 n.1.  The BIA had no similar reason that we can discern to ignore or reject the affidavit from K.O.'s mother, who claimed to have first-hand knowledge of K.O.'s experiences in Nigeria.  See App'x 178–79.  The BIA's failure to acknowledge the mother's affidavit warrants remand.  See Tian-Yong Chen v. INS, 359 F.3d 121, 129 (2d Cir. 2004).

We have considered the Government's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for

8

proceedings consistent with this order. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court