**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROMULO FLORES, AKA X. Cesar, AKA Pomulo Flores, AKA Romulfo Hidalgo Flores, AKA Romulo Flores-Hidalgo, AKA Romulo Floreshidalgo, AKA Cesar Florez, AKA Cesar Marcos Florez, AKA Marcos Florez, AKA Francisco Garcia, AKA Romulfo F. Hidalgo, AKA Romulfo Flores Hidalgo, AKA Romulo Flores Hildago, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   19-72559 <br><br> Agency No. A094-160-589 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and submitted February 9, 2022
San Francisco, California

Before:  WARDLAW, IKUTA, and BADE, Circuit Judges.

Romulo Flores seeks review of the Board of Immigration Appeals' ("BIA")

dismissal of his appeal from an Immigration Judge's ("IJ") decision finding him

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

competent to represent himself in removal proceedings and a prior decision denying his application for protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition in part and dismiss it in part.

1.     The agency did not abuse its discretion in finding Flores sufficiently competent to represent himself in removal proceedings. When determining whether an applicant is competent, an IJ must articulate his or her reasoning, *see Mejia v. Sessions*, 868 F.3d 1118, 1121 (9th Cir. 2017), and the IJ did so here. The IJ explained that Flores's behavior in court was inconsistent across the hearings that he presided over and with Flores's medical records. The IJ also found that his observations were consistent with the conclusions from a Forensic Competency Evaluation.

Flores's argument that the agency improperly shifted the burden of proof from the government to him rests on a flawed understanding of the law. When an IJ engages in a competency evaluation, "neither party bears a formal burden of proof." *Matter of J-S-S-*, 26 I. & N. Dec. 679, 683 (B.I.A. 2015). And there is no indication in the record that the agency required Flores to prove his incompetence. Moreover, we are not persuaded by Flores's contention that the agency erred by focusing on "whether the evidence demonstrated that [he] was *incompetent*—when [it] should have focused on whether a preponderance of the evidence demonstrated

2

that [he] was *competent*."  The agency confronted a binary choice:  competent or not.  If the greater weight of the evidence established that Flores was incompetent, it follows that a preponderance of the evidence could not establish that he was competent (or vice versa).  *See Preponderance of the Evidence*, BLACK'S LAW DICTIONARY (11th ed. 2019).

Finally, even assuming the IJ erred in finding "no reasonable cause to believe that [Flores] is suffering from a mental disorder that impairs his ability to competently represent himself," the BIA corrected that error by stating and applying the preponderance of the evidence standard.  *See Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir. 1995) ("Any error committed by the IJ will be rendered harmless by the Board's application of the correct legal standard.").  We therefore conclude that the agency did not commit reversable error in assessing Flores's competence.

2.      Substantial evidence supports the agency's denial of CAT relief because Flores did not establish that it is more likely than not that he will be tortured by or with the consent or acquiescence of the Salvadoran government.  Flores argues that the agency did not consider the Country Report on Human Rights Practices for 2015 for El Salvador, which, in his view, provides "the necessary link between [his] likely torture and the acquiescence of El Salvadorian officials."  But the IJ in this case observed that Flores submitted "the El

Salvadorian human rights report" and explicitly stated that she had "considered all the evidence in its entirety, regardless of whether specifically mentioned in the text of [her] decision." The agency need not "discuss every piece of evidence," *see Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006) (as amended), because it is presumed that the agency "review[s] all relevant materials in the record," *Larita-Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir. 2000). Because Flores has not overcome that presumption, *see Almaghzar*, 457 F.3d at 922, we reject his argument.[1]

Flores also contends that the agency erred by not addressing whether the "denial of CAT relief could have been due to [his] incompetency." We lack jurisdiction to consider this unexhausted contention. *See* 8 U.S.C. § 1252(d)(1); *Arsdi v. Holder*, 659 F.3d 925, 928–30 (9th Cir. 2011).

    3.    Flores argues that the IJs who issued decisions in this case are

---

[1] We need not address Flores's argument that the IJ "erred by requiring a first-hand or personally delivered threat." *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."); *see also Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008) (denying a petition for relief under CAT because the petitioner did "not demonstrate[] that, more likely than not, she will be tortured at the instigation of, or with the acquiescence of the Philippine government"). We note, however, that the IJ based her decision on "the totality of the evidence," including that Flores "did not attempt to relocate to any new area of El Salvador, and made no efforts to seek police protection."

unconstitutionally insulated from removal.[2]  Flores did not exhaust this argument with the agency.  But "certain constitutional challenges that are not within the competence of administrative agencies to decide" are exempt from 8 U.S.C. § 1252(d)(1)'s exhaustion requirement.  *Barron v. Ashcroft*, 358 F.3d 674, 678 & n.6 (9th Cir. 2004).

Flores's argument arises from the Appointments Clause, *see Seila Law LLC v. C.F.P.B.*, 140 S. Ct. 2183, 2191–92 (2020), which "is among the significant structural safeguards of the constitutional scheme," *Edmond v. United States*, 520 U.S. 651, 659 (1997).  *Cf.* U.S. CONST. art. II, § 2, cl. 2.  Because the agency generally lacks jurisdiction to resolve constitutional issues, *see Matter of C-*, 20 I. & N. Dec. 529, 532 (B.I.A. 1992), and the Supreme Court "has often observed that agency adjudications are generally ill suited to address structural constitutional challenges," *Carr v. Saul*, 141 S. Ct. 1352, 1360 (2021), we will consider Flores's

---

[2] Flores waived his challenge to the constitutionality of any removal protections afforded to members of the BIA by raising the issue for the first time in a footnote in his reply brief.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("It is well established in this circuit that the general rule is that appellants cannot raise a new issue for the first time in their reply briefs." (alteration and internal quotation marks omitted)).  We reject Flores's invitation to interpret the term "'immigration judges' as a catch-all to encompass both judges presiding over removal proceedings and judges sitting on the Board of Immigration Appeals."  The BIA and IJs serve distinct functions in removal proceedings and treating them as interchangeable defies the agency's administrative scheme. *Compare, e.g.*, 8 C.F.R. § 1003.1 (outlining the jurisdiction and powers of the BIA), *with, e.g.*, *id.* § 1003.10 (outlining the powers and duties of IJs).

challenge to the removal protections enjoyed by IJs.

We reject Flores's argument that he is entitled to a new hearing on this ground, because even assuming IJs are inferior officers who are afforded removal protections that contravene the Constitution's separation of powers, Flores has not shown that any alleged restrictions caused him harm. *See Collins v. Yellen*, 141 S. Ct. 1761, 1787–89 (2021) (declining to void an action taken by an officer absent a showing that an "unconstitutional removal provision inflicted harm," and explaining that a removal provision would cause a plaintiff harm if, for example, "the President had attempted to remove [the officer] but was prevented from doing so by a lower court decision holding that he did not have 'cause' for removal," or if "the President had made a public statement expressing displeasure with actions taken by [the officer] and had asserted that he would remove the [officer] if the statute did not stand in the way"); *see also Decker Coal Co. v. Pehringer*, 8 F.4th 1123, 1136–38 (9th Cir. 2021).

Flores argues that because no showing of harm was required in *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018), none should be required in this case. But *Lucia* concerned an allegedly unconstitutional appointment, not a restriction on the President's removal power. *See id.* at 2055. Flores does not contest the constitutionality of the IJs' appointments in this case; he asserts only that they were unconstitutionally insulated from removal. Flores's reliance on *Lucia* is therefore

misplaced.  *See Collins*, 141 S. Ct. at 1788 & n.24.  And his "insistence that *Lucia* mandates a new hearing . . . is incorrect."  *See Decker Coal*, 8 F.4th at 1136–37.  We therefore reject Flores's constitutional claim.

The petition for review is **DENIED IN PART and DISMISSED IN PART**.