Singh v. Garland

BIA
Conroy, IJ
A205 935 367

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand twenty-two.

PRESENT:
> PIERRE N. LEVAL,
> RICHARD C. WESLEY,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

MANPREET SINGH,
> *Petitioner,*

> v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

20-574
NAC

_____

FOR PETITIONER: Deepti Vithal, Esq., Richmond Hill, NY.

FOR RESPONDENT: Jeffrey Bossert Clark, Acting Assistant Attorney General; Erica B. Miles, Senior Litigation

Counsel; Jaclyn E. Shea, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Manpreet Singh, a native and citizen of India, seeks review of a January 21, 2020, decision of the BIA affirming a March 9, 2018, decision of an Immigration Judge ("IJ"), denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Manpreet Singh,* No. A205 935 367 (B.I.A. Jan. 21, 2020), *aff'g* No. A205 935 367 (Immig. Ct. N.Y. City Mar. 9, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

**I. Credibility and Corroboration**

Under the circumstances, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review adverse credibility determinations for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d

2

67, 76 (2d Cir. 2018). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the adverse credibility determination.

The agency reasonably relied on inconsistencies between Singh's testimony and other evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Singh gave contradictory statements about his political activities, providing in his affidavit that he distributed flyers door-to-door, but explicitly

3

denying that he did so when testifying. Singh also made inconsistent statements about how long he hid in Delhi after his first alleged attack by Congress Party members, stating in his affidavit that he returned to his village after a few months, but testifying that he remained in Delhi for three years. He provided the specific day of a month that he was released from the hospital, but not the month or year that he was hospitalized, and the day he gave was inconsistent with the date in his affidavit. The IJ was not required to credit Singh's explanation that he forgot the dates and was too "uneducated" to recall them, particularly as he provided specific dates when preparing his application.

The agency also reasonably concluded that Singh's corroborating evidence did not rehabilitate his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (an alien's "failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." The agency did not err in declining to give weight to Singh's documentary evidence. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir.

4

2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence."). An affidavit from Singh's father was prepared by an individual who simultaneously translated Singh's father's oral statement from Punjabi to English and transcribed the statement in English. The IJ did not err in declining to credit that document because there was no evidence to confirm that the translation was accurate. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 149 (2d Cir. 2008) (holding that "we afford IJs considerable flexibility in determining the authenticity of . . . documents from the totality of the evidence"); *cf.* 8 C.F.R. § 1003.33 ("[A]ny foreign language document offered by a party in a proceeding [in immigration court] shall be accompanied by an English language translation, as well as by a certification signed by the translator."). Contrary to Singh's argument here, the IJ asked counsel to explain the lack of certification. Singh also contends that the IJ ignored country conditions evidence, but there is nothing in the record to suggest that the IJ ignored material evidence given the IJ's statement that he considered all of the documents in the record and his acknowledgment of political

5

tensions in India.  *See Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007) (agencies are not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" (quotation marks omitted)).

Considering the multiple inconsistencies and lack of reliable corroboration, substantial evidence supports the agency's adverse credibility determination.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.  This adverse credibility determination is dispositive of asylum, withholding of removal and CAT relief because all three claims arose from the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

**II.  Motion to Remand**

The BIA did not abuse its discretion by denying Singh's motion to remand for consideration of a neuropsychological assessment that he obtained after his hearing.  *See Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 157 (2d Cir. 2005) (reviewing BIA's denial of remand for abuse of discretion). As the BIA found, the evidence was not previously unavailable as required for remand for consideration of additional

6

evidence because Singh could have obtained the evaluation prior to his hearing before the IJ.  *Id.* at 156; *see also* 8 C.F.R. § 1003.2(c)(1).

Nor did the agency deprive Singh of due process in declining to remand for consideration of the report.  "To establish a violation of due process, an alien must show that []he was denied a full and fair opportunity to present h[is] claims or that the IJ or BIA otherwise deprived h[im] of fundamental fairness."  *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (quotation marks omitted).  The BIA did not err in concluding that Singh received due process because the record does not show sufficient indicia of incompetency to warrant an inquiry.  "[T]he test for determining whether an alien is competent to participate in immigration proceedings is whether he . . . has a rational and factual understanding of the nature and object of the proceedings, can consult with the attorney or representative if there is one, and has a reasonable opportunity to examine and present evidence and cross-examine witnesses."  *Matter of M–A–M–*, 25 I. & N. Dec. 474, 479 (B.I.A. 2011).  Aliens in immigration proceedings are presumed competent and, only when indicia of incompetency

7

present themselves is the IJ required to render a competency determination. *Matter of J-S-S-*, 26 I. & N. Dec. 679, 681 (B.I.A. 2015). Singh's reliance on *M-A-M-* is misplaced because that case involved a pro se respondent diagnosed with schizophrenia; in contrast, Singh was represented by counsel, the record reflected that he had been able to give counsel a detailed statement of events, and the psychologist's report reflected some cognitive disability but also that his thoughts were "logical" and that he was capable of "concrete thinking." Singh's presentation of his evidence through counsel evinced a "meaningful" opportunity to be heard, and he was therefore not deprived of due process. *Burger*, 498 F.3d at 134.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8